The opinion of the court was delivered by
Poché, J.
This is a controversy over the appointment of a tutor .and of an under tutor to the minor, Leah Arlaud, only child of the •deceased.
At the time of his death, Leon Arlaud was divorced from his surviving wife, Helen Massin, who was then absent from the State.
By his last will the deceased had appointed Miss Helena Fitzgerald' liis testamentary executrix and testamentary tutrix of his minor child.
When the executrix presented a provisional account of administration, Mrs. Massin interposed an opposition involving the alleged nullity of the will, in so far as it purported to affect the tutorship, which she claimed for herself by nature.
At this juncture, Azenor LaFrance, the present appellant, was appointed and qualified as under tutor, and owing to the absence of the mother, who was yet in a foreign land, he instituted proceedings praying for a family meeting to recommend a dative tutor for the minor.
An order was thereon made by the District Court, convening a family meeting for the purpose of recommending proper persons to be appointed as tutor and under tutor of the minor.
The family meeting, with six out of seven members appointed, present, was duly convened. On the choice of a tutor the votes were equally divided; three members, including himself, voting for Lambert Prudhomme, and three others voting for the appellant, Azemor LaFrance. As to the under tutor, five of the members concurred in the recommendation of the same person. The under tutor, .LaFrance, refused to sign the deliberations of the family meeting, whereupon a rule was taken contradictory with him, for the appointment of Prudhomme as the tutor, and of Rapier as under tutor.
From a judgment making the rule absolute, LaFrance presents the * following appeal. Under the pleadings two points are presented for discussion:
1. Did the court have the power to submit the question of a choice •of an under tutor to the family meeting?
*322 2. Was the appointment of Prudhomme as tutor recommended' by the family meeting?
I.
There is no question as to the legality of the appointment of' LaFrance as under tutor. It is not contested that the court appointing him was competent to make the appointment. It is not averred that he has ever resigned, or that he has ever been removed, or that, the order appointing him has ever been vacated, or otherwise1 annulled and set aside.
On the contrary, he was recognized as the under tutor for the purpose of presiding at the family meeting and for the purposes of the rule now under dsscussion.
It is settled, in our jurisprudence, that a judicial order or decree, stands until set aside by a direct action. And the rule has been extended to an order appointing an under tutor. The question came up in the matter of the Succession of John Keller and wife, 39 An 579.
In that case the adjudicatee of succession property refused to accept title on the ground of alleged nullity of the proceedings which had led up to the sale, the illegality being that the family meeting was presided by an under tutor whose appointment was unauthorized, null and void.
But the court held that the alleged nullity could not be set up collaterally, for the reason that “the correctness or regularity of a judgment of a competent court appointing a tutor can not be collaterally reviewed or questioned even by the court which has made the appointment.”
And after referring to numerous authorities in support of that proposition, the court continued and said:
“It requires no argument to show that the same rule must govern in the case of the appointment of an under tutor, whose functions are not less sacred, important and indispensable in the interests of minors than those of the tutor.”
“It may be, as suggested by appellant, that the appointment of ‘Voegtle as under tutor of the minors Keller was unauthorized and illegal, but that is the question which can not be investigated in a collateral manner. His appointment by a court of competent jurisdiction is full proof of his capacity, and has effect against third persons until set aside by appeal or in an action of nullity.”
*323 Comment would be superfluous to show that the foregoing views are absolutely decisive of the point now under discussion.
II.
On the second point the consideration is that the deliberations of a family meeting composed of six members, resulting in a vote by three members recommending one person for the appointment of a tutor, and in a vote by the ^three others x’ecommending a different pe.ison, is tantamount to no recommendation at all.
It stands to reason that in all deliberative meetings the action of the body must result from the expressed will of at least a majority of the members composing the assembly, in the absence of which there is no action. In an election by the people a tie'vote is no choice. And we take it that the members of a family meeting, who are equally divided, can no more make a recommendation than four justices of this court, equally divided in opinion, can render a legal or binding decree.
The precise question, as applicable to family meetings, is new in our jurisprudence, but the views herein announced are in accord with the construction of the subject which prevails in French jurisprudence.
Laurent Droit Civil, Vol. 4, page 573; Demolombe Minorité, Vol. 4, page 186.
In this case the judge’s sole authority to appoint a dative tutor was upon the advice of a family meeting. O. C. 270.
And as the family meeting convened for the purpose has failed to give its advice, it follows that the appointment made by the judge was made without legal authority or sanction. Hence' it can not, stand, and the matter must stand in abeyance until another family meeting, duly convoked and held, shall have legally stipulated in the premises, and given its advice on the subject.
It is therefore ordered, adjudged and decreed that the judgmeixt appealed from be annulled, avoided and reversed at the costs of the succession. And it is now ordered that the cause be remanded to the District Court for further proceedings according to law and according to the views herein expressed.